UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHELSEA HENKEL, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>HIGHGATE HOTELS, LP, and COVE HAVEN INC.,<br><br>Defendants. | No.<br><br><br><br>COMPLAINT<br><br>Plaintiff Demands a<br>Trial by Jury |

Plaintiff, CHELSEA HENKEL ("Ms. Henkel" or "Plaintiff"), on behalf of herself and others similarly situated, by and through her attorneys Levine & Blit, PLLC, complaining of defendants HIGHGATE HOTELS, LP ("Highgate") and COVE HAVEN, INC. ("Cove Haven") (hereinafter, Highgate and Cove Haven shall be collectively referred to as "Defendants"), hereby alleges:

**NATURE OF THE ACTION**

1. This collective action and class action is brought to remedy unpaid tips and gratuities in willful violation of the Fair Labor Standards Act of 1938, as amended ("FLSA"); the Pennsylvania Minimum Wage Act of 1968 ("MWA") and the Pennsylvania Wage Payment and Collection Law ("WPCL"); breach of contract to an express third-party beneficiary; breach of contract to an intended third-party beneficiary; and unjust enrichment.

2. Plaintiff seeks declaratory and injunctive relief; an award of monetary damages for the economic losses caused by Defendants' unlawful conduct, including lost

1

tips and gratuities; an award of liquidated damages under the FLSA and MWA or WPCL; Plaintiff's reasonable attorney's fees; costs of this action; and any such other and further relief this Court deems just and equitable.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367, and 29 U.S.C. § 216(b).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## THE PARTIES

5. Plaintiff is a resident of the Commonwealth of Pennsylvania.

6. Ms. Henkel began working as a café attendant for Defendants in February 2012.

7. Ms. Henkel's duties as a café attendant included delivering and serving food to guests at Defendants' resorts.

8. Upon information and belief, Highgate is a limited partnership duly organized and existing in the State of Delaware with its principal place of business located in Irving, Texas.

9. Upon information and belief, Cove Haven is a corporation duly organized and existing in the Commonwealth of Pennsylvania, with its principal place of business located in Lakeville, Pennsylvania.

10. Upon information and belief, Highgate is the parent corporation of Cove Haven and both Highgate and Cove Haven jointly operate the resorts identified below in paragraph 11.

11. Defendants are engaged in the hospitality industry and operate three resorts located in Pennsylvania – Cove Haven, Paradise Stream, and Pocono Palace.

12. At all times relevant to this action, Defendants were an "enterprise" and an "enterprise engaged in interstate commerce" as defined by the FLSA, 29 U.S.C. §§ 203(r) and (s), and, thus, an entity covered by the FLSA.

13. Defendants have (a) employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (b) an annual gross volume of sales in excess of five hundred thousand dollars ($500,000.00).

14. At all times relevant to this action, Plaintiff was an "employee" of Defendants within the meaning of applicable federal and state statutes and regulations.

15. At all times relevant to this action, Defendants were an "employer", "single integrated employer" and/or "joint employer" of Plaintiff within the meaning of applicable federal and state statutes, regulations, and case law.

## COLLECTIVE ACTION ALLEGATIONS

16. At all times within the applicable statute of limitations, Defendants have employed dozens, if not hundreds, of employees, including Plaintiff, in the

3

position of server, housekeeper, driver, café attendant, and other activity staff positions who were denied tips and gratuities provided to Defendants by its customers for the express purpose of being distributed to Defendants' employees.

17. Upon information and belief, Defendants have employed numerous servers, housekeepers, drivers, café attendants, and other activity staff positions since July 2012 who have been subjected to the same terms and conditions of employment as Plaintiff.

18. Defendants used the unlawful employment practice of representing to its customers that a mandatory gratuity fee that it charged its customers was to be distributed to Defendants' employees so its customers would not need to tip while at the resort.

19. The unlawful employment practices at issue with the respect to the similarly situated employees and the named plaintiff in this action are identical, as Defendants, in all cases, have willfully denied such employees the tips and gratuities they are otherwise owed and that Defendants only obtained from customers by representing falsely that the gratuity fee would be distributed to Defendants' employees.

20. Past and current employees of Defendants who are similarly situated to the named plaintiff in this action should have an opportunity to have their claims for alleged violations of the FLSA be heard.

4

21. Certifying this collective action will afford such similarly situated employees the opportunity to receive notice of the action and allow them to opt-in to such action if they so desire.

## CLASS ACTION ALLEGATIONS

22. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action individually and on behalf of the following class of persons ("the Class"): All persons who have been employed by Defendants as servers, housekeepers, drivers, café attendants, and other activity staff positions in the Commonwealth of Pennsylvania since July 2011.

23. The individuals in the Class identified above are so numerous that joinder of all members of the class is impracticable because, upon information and belief, Defendants have employed dozens, if not hundreds, of individuals in the position of server, housekeeper, driver, café attendant and other activity staff positions during the applicable statute of limitations.

24. Questions of law and fact common to the Class include, but are not limited to, the following:

   (a) Whether the named plaintiff and persons belonging to the Class did not receive tips and gratuities expressly intended for their benefit;

   (b) Whether Defendants represented to its customers that the mandatory gratuity fee was to be distributed to its employees;

(c) Whether Defendants' customers paid the mandatory gratuity fee with the expectation and intention that would be distributed to Defendants' employees;

(d) Whether the named plaintiff and persons belonging to the class were express or intended beneficiaries of the contract for services between Defendants' and their customers;

(e) Whether Defendants' unlawful pay practices concerning the named plaintiff and persons belonging to the Class was done without a good faith basis that its practices complied with the applicable law;

(f) Whether Defendants were unjustly enriched at the expense of the named plaintiff and persons belonging to the Class; and

(g) Whether the named plaintiff and persons belonging to the Class have sustained damages and, if so, the proper measure of such damages.

25. The claims made by the named plaintiff are typical of the claims of the Class because the named plaintiff and the Class incurred the same type of damages; namely, lost tips and gratuities, as a direct result of the same practices and policies implemented by Defendants.

26. The named plaintiff will fairly and adequately protect the interests of the Class because the interests of the named plaintiff are aligned with those of the Class and the named plaintiff has no conflicts of interest with the Class. Likewise, the named plaintiff is represented by qualified and experienced counsel.

27. By engaging in such unlawful employment practices as failing or refusing to distribute tips and gratuities to the named plaintiff and persons belonging to the Class, Defendants have acted or refused to act on grounds generally applicable to the Class thereby making it appropriate that injunctive, declaratory, and monetary relief be awarded to the Class as a whole.

28. The questions of law and fact common to the Class, including, but not limited to, those identified in paragraph 24, predominate over questions affecting only the named plaintiff and a class action is a superior method of fair and efficient adjudication of this controversy rather than the other methods available.

29. For these reasons, the Class should be certified under Rule 23 of the Federal Rules of Civil Procedure.

## FACTUAL ALLEGATIONS

30. At all times relevant to this Complaint, Plaintiff was employed by Defendants as a café attendant at Defendants' resort located in Lakeville, Pennsylvania.

31. At all times relevant to this Complaint, Plaintiff was compensated at an hourly rate.

32. At all times relevant to this Complaint, Defendants charged a mandatory gratuity fee to all of its customers who rented a room or rooms at their resorts.

33. The mandatory gratuity fee equaled 20% of cost of the room per night.

7

34. Defendants also charged a mandatory resort fee of $20 per night per room.

35. If a customer inquired as to the purpose of the gratuity fee, Defendants' agents would inform the customer that the gratuity fee was charged so that the customer would not need to tip any employee while at the resort or its properties and that the tip would be provided to Defendants' employees.

36. Defendants did not distribute the gratuity fee to its employees.

37. Instead, Defendants accepted, retained, and appreciated the benefit of the gratuity fee from its customers.

38. As a result, Plaintiff was denied tips and gratuities collected by Defendants that were expressly intended for Plaintiff's benefit.

39. Defendants were aware or should have been aware that its pay practices were in violation of the applicable federal and state laws, but continued to willfully engage in unlawful pay practices.

### FIRST CAUSE OF ACTION AGAINST DEFENDANTS AS TO THE COLLECTIVE ACTION
### (Unpaid Tips and Gratuities in Violation of the FLSA)

40. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 39, as if fully set forth herein.

41. Defendants were the employer of Plaintiff and all other similarly situated employees within the meaning of the FLSA.

42. Plaintiff and all other similarly situated employees are and were employees who customarily would receive tips and gratuities, but were denied the benefit of the tips and gratuities collected by Defendants through the mandatory gratuity fee.

43. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and it has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and all other employees similarly situated to her. As such, Defendants' noncompliance with the FLSA was willful.

44. As a proximate result of Defendants' unlawful conduct, Plaintiff and all other employees similarly situated have suffered economic damages in the form of lost wages in an amount to be determined at trial and are entitled to recover the value of those unpaid tips and gratuities plus an equivalent amount of liquidated damages pursuant to the FLSA.

### SECOND CAUSE OF ACTION AGAINST DEFENDANTS AS TO THE CLASS ACTION
**(Unpaid Tips and Gratuities in Violation of the MWA and WPCL)**

45. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 44, as if fully set forth herein.

46. Defendants were the employer of Plaintiff and the Class within the meaning of the MWA and WPCL.

47. Plaintiff and the Class are and were employees who customarily receive tips and gratuities.

48. Nonetheless, Plaintiff and the Class were denied the benefit of the tips and gratuities collected by Defendants through the mandatory gratuity fee.

49. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and it has not made a good faith effort to comply with the Labor Law with respect to the compensation of Plaintiff and the Class. As such, Defendants' noncompliance with the MWA and WPCL was willful.

50. As a proximate result of Defendants' unlawful conduct, Plaintiff and the Class have suffered economic damages in the form of lost wages in an amount to be determined at trial and is entitled to recover the full value of those unpaid tips and gratuities plus twenty-five percent (25%) of the full value of unpaid tips and gratuities as liquidated damages pursuant to the MWA and WPCL.

### THIRD CAUSE OF ACTION AGAINST DEFENDANTS AS TO THE CLASS ACTION
**(Breach of Contract to an Express Third-Party Beneficiary)**

51. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 50, as if fully set forth herein.

52. A written contract for services existed between Defendants and its customers, which included a provision for a mandatory gratuity fee.

53. Defendants' agents informed customers that the mandatory gratuity fee would be distributed to Defendants' employees so that tipping was not required for employees who customarily received tips and gratuities.

54. Defendants breached its contract with its customers relating to the mandatory gratuity fee by failing to distribute the gratuity fee to their employees.

55. As a result of Defendants' breach, Plaintiff and the Class suffered lost monetary income that was otherwise intended for them.

56. Both contracting parties expressed an intention that Plaintiff and the Class would be the beneficiary of the gratuity fee imposed by the contract between the parties.

57. The gratuity fee affirmatively appeared in the contract itself.

## FOURTH CAUSE OF ACTION AGAINST DEFENDANTS AS TO THE CLASS ACTION
**(Breach of Contract to an Intended Third-Party Beneficiary)**

58. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 57, as if fully set forth herein.

59. A written contract for services existed between Defendants and its customers, which included a provision for a mandatory gratuity fee.

60. Defendants' agents informed customers that the mandatory gratuity fee would be distributed to Defendants' employees so that tipping was not required for employees who customarily received tips and gratuities.

61. Defendants breached its contract with its customers relating to the mandatory gratuity fee by failing to distribute the gratuity fee to their employees.

62. As a result of Defendants' breach, Plaintiff and the Class suffered lost monetary income that was otherwise intended for them.

63. Plaintiff and the Class were owed the right to performance, specifically, distribution of the gratuity fee, by Defendants pursuant to the contract between Defendants and its customers.

64. Distribution of the gratuity fee to Plaintiff and the Class as appropriate and necessary to effectuate the intentions of the parties to the contract between Defendants and its customers.

65. Distribution of the gratuity fee to Plaintiff and the Class will satisfy an obligation of Defendants to pay money to the beneficiary (*i.e.* Plaintiff and the Class) or the circumstances, as alleged herein, indicate that Defendants and/or its customers intended to give Plaintiff and the Class the benefit provided.

## FIFTH CAUSE OF ACTION AGAINST DEFENDANTS AS TO THE CLASS ACTION
### (Unjust Enrichment)

66. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 65, as if fully set forth herein.

67. A benefit was conferred upon Defendants by its customers with the intention that it be distributed to Plaintiff and the Class.

68. Defendants were the recipient of the benefit and have appreciated the benefit of the mandatory gratuity fee charged to its customers.

69. Defendants accepted and retained the mandatory gratuity fee under circumstances, as alleged herein, where it is unjust for Defendants to retain the gratuity fee without distributing the gratuity fee to Plaintiff and the Class.

70. As a result, Plaintiff and the Class have been deprived of a benefit, which has caused inequitable economic losses to them.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment containing the following relief:

a) An order declaring Defendants has violated the provisions of the FLSA and MWA and WPCL relating to payment of tips and gratuities, breached of contract to third-party beneficiaries, and was unjustly enriched;

b) An order enjoining Defendants from engaging in the unlawful activities alleged above;

13

- c) An order awarding monetary damages for Plaintiff's and the Collective and/or Class's economic losses resulting from unpaid tips and gratuities;

- d) An order awarding liquidated damages to Plaintiff and the Collective and/or Class under the FLSA and the MWA and WPCL in an amount equal to the total amount of unpaid tips and gratuities;

- e) An award of Plaintiff's and the Collective and/or Class's reasonable attorneys' fees pursuant to the FLSA and the MWA and WPCL;

- f) An award of the Plaintiff's and the Collective and/or Class's costs of this action; and

- g) Any such other and further relief this Court deems just and equitable.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: July 23, 2015
New York, New York

LEVINE & BLIT, PLLC

Matthew J. Blit
*Attorneys for Plaintiff*
350 Fifth Avenue, Suite 3601
New York, NY 10118
(212) 967-3000
mblit@levineblit.com

14