# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHELSEA HENKEL, et al., | : |
| Plaintiffs, | : |
| v. | : 3:15-CV-1435 |
| | : (JUDGE MARIANI) |
| HIGHGATE HOTELS, LP, et al., | : |
| Defendants. | : |

## MEMORANDUM OPINION

### I. INTRODUCTION

In this action, Plaintiffs, employees of Defendants at several Pennsylvania-based resorts, bring various claims under federal and state law, including the Fair Labor Standards Act, 29 U.S.C. § 201, regarding allegedly illegal conduct involving wages and gratuities owed to Plaintiffs, and also seek class action status.[1] (Doc. 49). The Court issues this Memorandum Opinion and accompanying Order to address the Court's November 15, 2017 Order ("Order to Show Cause") (Doc. 75) to Plaintiffs to show cause why their October 4, 2017 Motion ("Motion") (Doc. 66) for Leave to File Fourth Amended Complaint Joining Additional Plaintiffs should not be deemed to be withdrawn, as Plaintiffs did not file a brief in support of their Motion pursuant to Middle District of Pennsylvania Local Rule 7.5, M.D. Pa.

---

[1] A related case before the Court, *Simchon v. Highgate Hotels, LP*, No. 3:15-cv-1434 (M.D. Pa. filed July 23, 2015), involves customers of Defendants' resorts who allege that Defendants unlawfully withheld gratuities that the customers intended to pay to Defendants' employees. (Doc. 8).

LR 7.5. On November 17, 2017, in accordance with the Order to Show Cause, Plaintiffs timely filed a Brief in Reply to the Court's Order to Show Cause ("Brief") (Doc. 76).

For the reasons stated below, Plaintiffs have shown cause for failure to file a brief in support of their Motion. Thus, the Court will not deem the Motion withdrawn. Additionally, in an endeavor to provide clarity to the parties in this matter, as well as future litigants who come before this Court, regarding litigants' duties to comply with the Local Rules, the Court also writes to address several inaccurate statements and faulty arguments presented in Plaintiffs' Brief.

## II. PLAINTIFFS HAVE SHOWN GOOD CAUSE

In their Brief, Plaintiffs raise several arguments to demonstrate why their Motion should not be deemed withdrawn. The Court accepts one of these arguments as sufficient basis for not deeming the Motion withdrawn, and also reaches this conclusion for a related, but separate independent reason.

First, Plaintiffs are correct in that "defendants have not incurred any prejudice due to [P]laintiffs' lack of filing a separate brief [to their Motion], and were able to file a detailed and complete opposition [Doc. 69] notwithstanding." (Doc. 76 at 6). Plaintiffs were also able to timely file a reply brief to Defendants' opposition to the Motion. (Doc. 73). Plaintiffs are also correct that Defendants "did not argue in their opposition [to the Motion] that Plaintiffs' Motion should be deemed withdrawn" for failure to file a separate brief with the Motion. (Doc. 76 at 6 n.4).

Second, the Court finds that issues of fundamental fairness weigh in favor of not deeming the Motion withdrawn. While, as further stated below, Plaintiffs did not comply with the Local Rules requiring the filing of a brief with their Motion, the rules of court procedure are not to be construed in such a fashion as to prevent "the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1 (noting that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"). Thus, Local Rule 1.3 recognizes that the Court can deviate from the Local Rules "in individual cases by written order." M.D. Pa. LR 1.3. Such deviation is "for such case only and only to the extent that it is inconsistent." *Id.* Here, Plaintiffs do not appear to have acted in bad faith in failing to submit a brief, although they operated under a faulty assumption that the limited argument presented in their Motion would suffice for purposes of the Local Rules. Plaintiffs attempted to explain themselves to the Court by timely filing their Brief in response to the Order to Show Cause. Under these circumstances, it would be inequitable to deem the Motion withdrawn.

### III. LITIGANTS MUST COMPLY WITH THE LOCAL RULES

Notwithstanding the Court's decision here, prudence demands that the Court respond to several statements and arguments presented by Plaintiffs in their Brief. The Court wishes to avoid possible confusion in the future from the parties in this action or from future litigants practicing before the Court.

First, Plaintiffs' initial argument in their Brief, that "the issues underlying [P]laintiff's Motion were, in fact, briefed," (Doc. 76 at 3), is incorrect. Local Rule 7.8 specifies the content and length of briefs, and indicates that briefs need to contain citations to legal authority, as well as a procedural history, statement of facts, statement of questions involved, and argument. M.D. Pa. LR 7.8. Plaintiff's Motion, a three-and-a-half page document (not including the signature page and certificate of concurrence), is gravely deficient in meeting the requirements of Local Rule 7.8. The only "citation" to legal authority is a reference to Fed. R. Civ. P. 20(a)(1)'s requirements for permissive joinder of plaintiffs. (Doc. 66 at 3). And the "argument" consists of conclusory statements that the proposed joinder meets the requirements of the Rule. (*Id.*) Thus, Plaintiffs' assertion in their Brief that the Motion "certainly exceeded the contents of a mere motion and, in fact, satisfies the criteria of a legal brief, albeit inartfully" is wrong on its face, as is their assertion that the Motion "articulates [the] legal authority in detail." (Doc. 76 at 4-5).

In a footnote in their Brief, Plaintiffs also contend that "[c]ourts in this District have taken the step of instructing counsel, or putting counsel on notice, to comply with Local Rule 7.5 before deeming a motion withdrawn." (Doc. 76 at 3 n.1). This is a misapprehension of the role of the Court and the parties concerning duties with respect to observance of the Local Rules. In support of their argument, they cite two cases from this District, and take quotations from the cases out of context.

*Nanyonga v. Immigration and Naturalization Service*, 200 F.R.D. 503 (M.D. Pa. 2001), involved an immigrant detainee seeking an extension of time to effect service on various state and federal defendants. The Court in that matter ruled that although the detainee had not shown good cause for failing to make timely service because of confusion by her counsel over the proper procedure to serve some of the state-related defendants, the Court exercised its discretion to allow for an extension of time. *Nanyonga*, 200 F.R.D. at 506-07. The Court reached this decision for similar reasons presented here, including that there was no prejudice claimed by the defendants and that they received actual notice of the lawsuit by certified mail. *Id.* In a footnote, cited by Plaintiffs in their Brief, the Court noted that the detainee improperly made her arguments for an extension of time in the form of a letter brief, and that she should have filed a motion with supporting brief in accordance with Local Rule 7.5. *Id.* at 506 n.3. The Court admonished the detainee's counsel that he was "advised to familiarize himself with the Local Rules because deviation from the Rules will not be tolerated in the future." *Id.* If anything, this footnote from *Nanyonga* supports the idea that litigants must comply with the Local Rules, and that it is not the duty or burden of the Court to instruct litigants to comply with them.

Similarly, *Lease v. Fishel*, 712 F. Supp. 2d 359 (M.D. Pa. 2010), does not stand for the notion that it is the Court's job to direct litigants to comply with the Local Rules. In relevant part, the *Lease* Court awarded a $10,000 sanction against the plaintiff's attorney for filing a frivolous complaint, including for "failure by plaintiff's counsel to fulfill his professional

5

responsibilities and abide by court-ordered deadlines in civil litigation." *Lease*, 712 F. Supp. 2d at 364-65. In a statement quoted by Plaintiffs in their Brief, the *Lease* Court noted how, in one instance, it had essentially given the attorney a break by "direct[ing] counsel to fully comply with the requirements [sic] Local Rule 7.5 by filing a brief in support of his [Motion to Recuse]," and in doing so, "gave counsel an opportunity to address this issue in an appropriate, fair, and professional fashion." *Id.* at 370. The tenor of the *Lease* Court's opinion is one of exasperation with an incompetent counsel, and is not a basis for thinking that it is somehow a Court's responsibility to inform litigants on how to comply with basic rules. *Id.* (noting that the Court "instructed plaintiff's counsel to do the minimum required of all counsel").

In sum, the purpose of a brief in support of a motion is to provide the Court with detailed reasoning in support of what is requested in the motion in order to aid the Court in making an informed and reasoned analysis of the issues presented and in developing a well-supported resolution of those issues. Plaintiffs' sparse Motion does not do that. Plaintiffs, and future litigants, are urged to consider that the Local Rules are in place for a reason, to follow them, and not to rely on the mercy of the Court when failing to abide by the simple and clear guidance that they provide.

## IV. CONCLUSION

For the reasons outlined above, the Court will not deem Plaintiffs' Motion as withdrawn. The Court expresses no opinions on the merits of Plaintiffs' Motion in this

Memorandum Opinion,[2] and leaves consideration of it and Plaintiffs' outstanding Motion for Conditional Certification (Doc. 77) for another time. A separate Order follows.

Robert D. Mariani
United States District Judge

---

[2] However, the Court notes that in a FLSA case such as this, should Plaintiffs Motion for Conditional Certification (Doc. 77) be granted, adding additional plaintiffs, as is the apparent goal of Plaintiffs' desire to amend their Complaint, can be achieved through the opt-in provisions of the FLSA. See 29 U.S.C. § 216(b).