THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHELSEA HENKEL, et al.,

      Plaintiffs,

v.

HIGHGATE HOTELS, LP, et al.,

      Defendants.

3:15-CV-1435
(JUDGE MARIANI)

## MEMORANDUM OPINION

On October 4, 2017, Plaintiffs Chelsea Henkel, et al. ("Plaintiffs"), filed a Motion for Leave to File a Fourth Amended Complaint Joining Additional Plaintiffs ("Motion to Amend") (Doc. 66). Plaintiffs' proposed amendment to the Complaint is the latest in a series of amendments that have been made to Plaintiffs' original Complaint, with one amended complaint filed at the direction of the Court, Plaintiffs' Second Amended Complaint (Doc. 46, Doc. 47), and the most recent, Plaintiffs' Third Amended Complaint, filed on October 24, 2016 upon agreement of the parties (Doc. 48, Doc. 49). In their Motion to Amend, Plaintiffs seek to add thirty-one additional named plaintiffs to their action and relate their claims back to the date of the filing of the original Complaint on July 14, 2015. (Doc. 66 at 1-3). Plaintiffs' action seeks conditional and final class certification for alleged unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201 *et seq.*, and the Pennsylvania Minimum Wage Act of 1968 ("MWA"), 43 Pa. Stat. and Cons. Stat. Ann. § 333.101 *et seq.*, along with Fed. R. Civ. P. 23

class certification for claims of breach of contract, unjust enrichment, and conversion. (Doc. 66-1 ¶ 1). Many of the additional proposed named plaintiffs have already provided opt-in consent forms to the action, pursuant to the relevant provision of the FLSA, 29 U.S.C. § 216(b). (Doc. 56, Doc. 57, Doc. 60, Doc. 64).

Defendants Highgate Hotels, LP and Cove Haven, Inc. ("Defendants") timely filed a brief in opposition to the Motion to Amend, arguing that they would be unduly prejudiced by Plaintiffs' "undue delay in filing the motion," primarily because they "will be afforded no meaningful opportunity to complete extensive investigation and discovery into the thirty-one additional named plaintiffs." (Doc. 69 at 6-8). Shortly after filing their opposition, Defendants submitted a letter to the Court clarifying that they were objecting to "not the adding of the additional plaintiffs—most of whom have previously opted into this action months ago—but the adding of such additional plaintiffs now with the purpose of relating back their claims to the commencement of this action." (Doc. 71). Plaintiffs filed a reply to Defendants' opposition brief, contending that their request to add additional parties to the action complied with Defendants' proposed discovery schedule, previously approved by the Court, and that Defendants had previously received notice that Plaintiffs were going to add additional named plaintiffs to the action and that Plaintiffs told Defendants they wanted the statute of limitations stayed at the latest from the date of the filing of the Answer. (Doc. 73 at 4-8). In arguing for relation back of the new named plaintiffs' claims, Plaintiffs essentially

argue for equitable tolling of the statute of limitations for "each of the additional plaintiffs' individual claims." (*Id.* at 5).[1]

In an Order dated October 16, 2018 (Doc. 106) the Court ordered that Plaintiffs' Motion to Amend would not be deemed withdrawn, despite Plaintiffs' failure to submit a brief in support of their Motion to Amend, and explained the Court's reasoning in an accompanying Memorandum Opinion (Doc. 105). At that time, the Court deferred ruling on the merits of the Motion to Amend. (Doc. 105 at 6-7). Those merits are now the subject of this Memorandum Opinion and accompanying Order.

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has described this rule as follows:

> [Rule 15(a)'s] mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 222 (1962) (internal citations omitted); *see also Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006)

---

[1] Shortly after filing their reply, on December 7, 2017, Plaintiffs moved to certify their collective and class action (Doc. 77), and subsequently filed a brief in support of their motion (Doc. 84). The Court has granted numerous extensions of time to the parties to continue discovery and for Defendants to respond to Plaintiffs' motion to certify their collective and class action. (*See, e.g.*, Doc. 107).

3

("Among the factors that may justify denial of leave to amend are undue delay, bad faith, and futility."). Federal Rule of Civil Procedure 20(a)(1) allows for joinder of plaintiffs if:

> **(A)** they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> **(B)** any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1).

Relation back of claims in amended pleadings is typically governed by Federal Rule of Civil Procedure 15(c)(1):

> **(c) Relation Back of Amendments.**
> **(1)** *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:
> **(A)** the law that provides the applicable statute of limitations allows relation back;
> **(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
> **(C)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> **(i)** received such notice of the action that it will not be prejudiced in defending on the merits; and
> **(ii)** knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1). However, "[t]he relation back of claims by additional plaintiffs in a putative class action is governed by Rule 15(c)(1)(B)." *Oetting v. Heffler*, No. 11-cv-4757, 2015 WL 9190629, at *6 n.6 (E.D. Pa. Dec. 17, 2015) (citing *In re Cmty. Bank of N. Va.*, 622 F.3d 275, 297-98 (3d Cir. 2010) (noting, in dicta, that only Fed. R. Civ. P. 15(c)(1)(B) should

4

apply in the case of adding plaintiffs to a class action and not the additional requirements of Fed. R. Civ. P. 15(c)(1)(C)). "Under Rule 15, the central inquiry is whether adequate notice of the matters raised in the amended pleading has been given to the opposing party within the statute of limitations by the general fact situation alleged in the original pleading." *Bensinger v. Denbury Res. Inc.*, No. 10-cv-1917, 2013 WL 3353975, at *4-5 (E.D.N.Y. July 3, 2013) (cited in *Oetting*, 2015 WL 9190629, at *6 n.6, and quoting *Slayton v. Am. Express Co.*, 460 F.3d 215, 228 (2d Cir. 2006)).

The practical treatment of amendments in FLSA collective actions are handled somewhat differently, as FLSA collective actions are distinct from Rule 23 class actions, and a specific statutory provision read in tandem with the FLSA statute of limitations lists certain requirements for recognizing the "commencement" of the action. 29 U.S.C. § 256. In FLSA collective actions, putative collective plaintiffs must "opt-in" to a collective, whereas in Rule 23 class actions, putative class plaintiffs must "opt-out" from the class. *See Woodard v. FedEx Freight East, Inc.*, 250 F.R.D. 178, 184-86 (M.D. Pa. 2008) (describing the differences between an FLSA collective action and a Rule 23 class action). To add further complexity, the FLSA's statute of limitations distinguishes individual plaintiffs bringing FLSA actions from "individual claimants" to a FLSA collective action. For an individual plaintiff in an FLSA action, the action is commenced for statute of limitation purposes "on the date when the complaint is filed," but for "any individual claimant" in an FLSA collective action, the action commences:

> **(a)** on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint *and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought*; or
> **(b)** if such written consent was not so filed or if his name did not so appear-- *on the subsequent date on which such written consent is filed in the court in which the action was commenced.*

29 U.S.C. § 256 (emphasis added). Courts in the Third Circuit have thus ruled that in a collective action, an amended complaint can relate back pursuant to Rule 15, but that the date an individual claimant's action commences is when that claimant's consent was filed with the court. *Kuhn v. Phila. Elec. Co.*, 487 F. Supp. 974, 977 (E.D. Pa. 1980). Despite the strict requirements of § 256, equitable tolling can apply to toll the statute of limitations, although it is a "remedy available only sparingly and in extraordinary situations." *Woodard*, 250 F.R.D. at 193 (quoting *Robinson v. Dalton*, 107 F.3d 1018, 1023 (3d Cir. 1997) (noting that "[t]he equitable tolling doctrine is read into every federal statute of limitations, including the FLSA")); *see also Barghout v. Bayer Healthcare Pharm.*, No. 11-cv-1576, 2013 WL 12322094, at *2-3 (D.N.J. May 31, 2013) (applying equitable tolling in an Equal Pay Act case and noting that courts in the Third Circuit look to whether "(1) Defendants actively misled Plaintiffs; (2) Plaintiffs, 'in some extraordinary way,' have 'been prevented from asserting [their] rights'; or (3) Plaintiffs asserted their rights in the wrong forum") (quoting *Santos ex rel. Beato v. U.S.*, 559 F.3d 189, 206 (3d Cir. 2009)).

With respect to Plaintiffs' proposed amendments to the Complaint, the Court finds that there is insufficient evidence to find that Plaintiffs have engaged in undue delay, bad faith or dilatory motive, or that one or more of the defendants will suffer undue prejudice as

6

a result of allowing Plaintiff to file its Fourth Amended Complaint. Defendants' contention that they would be harmed by allowing the amendment because they would not be allowed a "meaningful opportunity to complete extensive investigation and discovery" into the additional named plaintiffs, (Doc. 69 at 8), is belied by the discovery schedule in place at the time of the Motion to Amend that, as Plaintiffs note, was proposed by Defendants and established deadlines to join additional parties and amend pleadings that Plaintiffs did not exceed with their filing of the Motion to Amend, (Doc. 65). Plaintiffs also point to communications they exchanged with Defendants months prior to filing the Motion to Amend notifying them that Plaintiffs were planning to add as named plaintiffs those individuals for whom they had previously filed consent forms. (Doc. 74-4). Additionally, since the time of the filing of the Motion to Amend, fact discovery has been extended numerous times. (Doc. 72, Doc. 86, Doc. 88, Doc. 90, Doc. 92, Doc. 94, Doc. 99, Doc. 102, Doc.107). This should have provided Defendants with more than sufficient time to conduct additional discovery with respect to these proposed additional named plaintiffs.

The parties' treatment of the issue of the relation back of the claims of the new named plaintiffs is not particularly well-developed in their briefs. Nevertheless, the Court's application of the relevant law to the facts presented here indicates that merely adding additional named plaintiffs, without otherwise changing the claims presented in the Complaint, complies with Fed. R. Civ. P. 15(c)(1)(B), and that the equitable circumstances

militate in favor of relating the claims back. Thus, the Court finds that the claims of the additional named plaintiffs will relate back to the date of the original Complaint.

However, by granting Plaintiffs leave to file their Fourth Amended Complaint adding thirty-one additional named plaintiffs, as in the case of any amendment adding party plaintiffs, the Court expresses no opinion on whether the claims of those additional plaintiffs are barred by an applicable statute of limitations or otherwise subject to an applicable affirmative defense in this case. This is particularly the case, where, as here, the Plaintiffs have pending before the Court a motion to conditionally certify a collective action with respect to their claims under the FLSA in their first and second causes of action (Doc. 84 at 18) and have in the same motion moved for Rule 23 class certification with respect to their fifth cause of action for breach of contract to an express third-party beneficiary, their sixth cause of action for breach of contract to an intended third-party beneficiary, their seventh cause of action for unjust enrichment, and their eighth cause of action for conversion (*id.* at 5-6). Further, in that same motion, Plaintiffs have moved for class certification under Rule 23 for what they term a "Sub-class" for claims included in their third cause of action for unpaid minimum wages and their fourth cause of action for unpaid overtime wages, both alleging violations of the MWA. Because that motion and the various claims encompassed within it has not been briefed by Defendants, this Court will do no more than grant Plaintiff's Motion to Amend, which will add the thirty-one individuals as identified in the Motion to Amend as party plaintiffs to this action.

A separate order follows.

/s/ Robert D. Mariani
Robert D. Mariani
United States District Judge