# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHELSEA HENKEL, LISA HASTINGS, LEONORA MOCERINO, CRAIG MOCERINO, and LIZETH LARKIN, on behalf of themselves and others similarly situated, | CIVIL ACTION <br><br> Case No.: 3:15-cv-01435-JPW <br> (Honorable Jennifer P. Wilson) |
| Plaintiffs, | |
| v. | _Document Filed Electronically_ |
| HIGHGATE HOTELS, L.P., and COVE HAVEN, INC., | |
| Defendants. | |

**DEFENDANTS HIGHGATE HOTELS, L.P. AND COVE HAVEN, INC.'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR <u>MOTION TO DISMISS</u>**

Dated: November 16, 2021

Patrick F. Hulla
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
4520 Main Street, Suite 400
Kansas City, Missouri 64111
(816) 410-2226 (phone)
(816) 471-1703 (fax)

*Attorneys for Defendants*
*Highgate Hotels, L.P. and Cove Haven, Inc.*

# **TABLE OF CONTENTS**

**Page(s)**

I. PRELIMINARY STATEMENT ................................................................... 1

II. ARGUMENT ................................................................................................ 1

    A. Defendants' Motion is Timely ......................................................... 1

    B. The Law of the Case is That Plaintiff and the Opt-in Plaintiffs' FLSA Claims are "Ill-Suited for Singular Collective Resolution as Proposed in This Case." *See* Doc. 192, at 4. ................................................................................................. 2

    C. The Law is Clear—Denying FLSA Collective Action Certification Requires Dismissal of the Opt-In Plaintiffs' FLSA Claims ................................................................................... 4

    D. Defendants are Not Estopped From Arguing Opt-In Plaintiffs' FLSA Claims Should be Dismissed. ............................... 6

    E. The Only Potential Miscarriage of Justice is Allowing the Opt-in Plaintiffs to Collectively Proceed After the Court Determined Their FLSA Claims are Dissimilar .............................. 7

III. CONCLUSION ............................................................................................ 7

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*ACLU v. Mukasey*,
 534 F.3d 181 (3d Cir. 2008) ...............................................................................3

*Arizona v. California*,
 460 U.S. 605, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983).........................................3

*Christianson v. Colt Indus. Operating Corp.*,
 486 U.S. 800, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) ......................................3

*Daramy v. Attorney General of U.S.*,
 365 Fed.Appx. 351 (3d Cir. 2010).......................................................................3

*Goode v. LexisNexis Risk & Info. Analytics Grp., Inc.*,
 284 F.R.D. 238 (E.D. Pa. 2012)...........................................................................2

*Halle v. West Penn Alleghany Health Sys.*,
 842 F.3d 215 (3d Cir. 2016) ................................................................................5

*Korman v. Walking Co.*,
 503 F.Supp. 2d 755 (E.D. Pa. 2007)....................................................................2

*Lusardi v. Lechner*,
 855 F.2d 1062 (3d Cir. 1988) ..........................................................................4, 5

*Postiglione v. Crossmark, Inc.*,
 Case No. 11-960, 2012 WL 5829793 (E.D. Pa. Nov. 15, 2012).........................5

*Reed v. Friendly's Ice Cream, LLC*,
 Case No. 15-CV-0298, 2016 WL 2736049
 (M.D. Pa., May 11, 2016)....................................................................................2

**Statutes**

29 U.S.C. § 216(b) .....................................................................................................6

29 U.S.C. § 256(b) .....................................................................................................7

Defendants respectfully submit this reply memorandum of law in further support of their motion to dismiss the opt-in Plaintiffs' claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA").

## I.     PRELIMINARY STATEMENT

Plaintiff, and the opt-in Plaintiffs, misapprehend the Court's order denying collective action certification. In that Order, the Court repeatedly concluded Plaintiff and the opt-in Plaintiffs are not similarly situated, noting the factual and legal differences that make this case "ill-suited for singular collective resolution as proposed in this case." *See* Doc. 192, at 41. *See also, e.g.*, *id.*, at 36 and 38. An order granting leave to join additional parties *pre-dating by more than two and one-half years* the Court's order denying proposed collective action, does not spare the opt-in Plaintiffs from dismissal. Instead, the opt-in Plaintiffs' claims under 29 U.S.C. § 201, *et seq.*, the Fair Labor Standards Act (the "FLSA") must be dismissed.

## II.     ARGUMENT

### A.     Defendants' Motion is Timely

Ignoring the basis for the dismissal—*i.e.*, the absence of jurisdiction over the opt-in Plaintiffs' FLSA claim following the Court's Order denying collective action certification—as well as the weight of authority cited by Defendants, Plaintiff oddly argues Defendants should have moved to dismiss the opt-in

1

Plaintiffs' FLSA claims more than two and one-half years before the Order denying certification. *Compare* Doc. 223, at 1-2 (arguing Defendants had a duty to move to dismiss shortly after an Order granting their request for leave to amend/join others in November 2018) *with* Doc. 192 (denying collective action certification in June 2021). This argument is illogical.

The predicate for Defendants' motion to dismiss had not yet occurred. Indeed, any motion filed in late 2018 premised on the Court lacking jurisdiction because Plaintiff's and the opt-in Plaintiffs' claims were too dissimilar to be tried together would have been premature because the Court had not yet made such a ruling. *See Reed v. Friendly's Ice Cream*, LLC, Case No. 15-CV-0298, 2016 WL 2736049, at *3 (M.D. Pa., May 11, 2016) (concluding motion to dismiss class and collective action claims is premature when filed before plaintiffs move for certification), citing *Goode v. LexisNexis Risk & Info. Analytics Grp., Inc.*, 284 F.R.D. 238, 244 (E.D. Pa. 2012), and *Korman v. Walking Co.*, 503 F.Supp. 2d 755, 762 (E.D. Pa. 2007). For this reason, the present motion seeking dismissal of the Opt-In Plaintiffs' FLSA claims is undeniably timely.

**B.     The Law of the Case is That Plaintiff and the Opt-in Plaintiffs' FLSA Claims are "Ill-Suited for Singular Collective Resolution as Proposed in This Case."** *See* **Doc. 192, at 4.**

Unwilling to recognize the issue presented here—*i.e.*, whether Plaintiff's and the opt-in Plaintiffs'' FLSA claims should remain tethered for collective

adjudication—Plaintiff mistakenly argues an order allowing the Opt-in Plaintiffs to join this action was determinative. It was not.

The law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Daramy v. Attorney General of U.S.*, 365 Fed.Appx. 351, 354 (3d Cir. 2010), citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983)), and *ACLU v. Mukasey*, 534 F.3d 181, 187 (3d Cir. 2008). Before deciding the present motion, the Court has not decided if the opt-in Plaintiffs should be dismissed from this action. Likewise, the Court had not ruled those Plaintiffs deemed "Named Plaintiffs" garnered protection from dismissal *via* denial of collective action status. Consequently, there is no "law of the case" regarding the issues presented here. Instead, the only issues decided by the Court bearing on the present motion reveal Plaintiff's FLSA claims cannot be justly tried together with the opt-in Plaintiffs' FLSA claims.

To arrive at their mistaken conclusion the opt-in Plaintiffs' FLSA claims are spared from dismissal, Plaintiff ignores this Court's analysis about the nature of their status in this action, as well as the authority previously cited by the Court and by Defendants. *See* Doc. 192, at 1, n. 1. *See also* Doc. 222, *passim*. Notably,

Plaintiffs provide *no jurisprudential support* when arguing form over substance by proclaiming an order allowing to join as "named plaintiffs" imposed a mythical shield rendering their FLSA claims immune from dismissal.

As this Court explained, the opt-in Plaintiffs did not obtain the permanent status they now declare because an order denying certification results in their dismissal without prejudice.[1] Doc. 192, at 1. n.1. Instead, the law of the case can be found in the order denying FLSA collective action certification stripped it of its jurisdiction over the opt-in Plaintiffs' FLSA claims. *See Lusardi v. Lechner*, 855 F.2d 1062, 1079 (3d Cir. 1988) ("A district court has no power or jurisdiction to rule on the merits of the claims of individual members of a putative opt-in class when it denies certification.") By asking this Court to turn a blind eye to this compulsory result, Plaintiff is inviting "*clear legal error*." *Id*. (emphasis added).

**C.    The Law is Clear—Denying FLSA Collective Action Certification Requires Dismissal of the Opt-In Plaintiffs' FLSA Claims**

Rather than cite a single case, or other legal authority, supporting Plaintiff's contention, Plaintiff inexplicably attempts to distinguish the jurisprudence cited by Defendants. Plaintiffs' attacks fail.

---

[1] To be clear, Defendants *do not* argue the *opt-in Plaintiffs* should be dismissed. Instead, Defendants recognize they may have claims under state law that survive the order denying FLSA collective action certification. Consequently, defendants only seek to dismiss the opt-in Plaintiffs' FLSA claims.

4

Plaintiff half-heartedly argues "Defendants' reiteration of the law is based on the faulty premise, as the law largely cited by [D]efendants, in their brief, refers to FLSA opt-in plaintiffs, not actual named plaintiffs who have been added as named plaintiffs for all claims via a motion to amend and a filing of an amended complaint, … ." Doc. 223, at 7. This contention is simply untrue.

In *Lusardi*, the Third Circuit did not apply a contrived standard that only applies to opt-in plaintiffs. Instead, it used its own, all-inclusive nomenclature when it focused on the "merits of the claims of *individual members of a putative opt-in class.*" 855 F.2d at 1079 (emphasis supplied). Brushing aside *Lusardi*, Plaintiff contends it is "far off-base from the present matter." Doc. 223, at 8. To the contrary, the Third Circuit later cited *Lusardi* for the same reason proffered here. *See Halle v. West Penn Alleghany Health Sys.*, 842 F.3d 215, 225-26 (3d Cir. 2016).

Likewise, Plaintiff selectively ignores *Postiglione v. Crossmark, Inc.*, Case No. 11-960, 2012 WL 5829793 (E.D. Pa. Nov. 15, 2012), wherein the court denied FLSA collective action certification and expressly addressed the dismissal of 52 "named plaintiffs" because they were not properly joined, leaving only the first named plaintiffs for continued litigation. The other cases Defendants cited stand for the same proposition. *See* Doc. 222, at 9.

### D. Defendants are Not Estopped From Arguing Opt-In Plaintiffs' FLSA Claims Should be Dismissed.

Plaintiff's attempt to conflate some of the opt-in Plaintiffs status as putative class representative under Rule 23 misses the mark. More specifically, Plaintiff claims there is an inherent inconsistency between the arguments in the present motion and a recent stipulation wherein Defendants correctly recognized some of the opt-in Plaintiffs' "are Class Representatives of the *Class certified by the Court*." Doc. 223, at 9 (emphasis supplied). Plaintiff goes so far as to contend there is "no distinction whatsoever" between the four class representatives and the other opt-in Plaintiffs'. *Id*. Plaintiff is wrong.

The only claim certified as a *class action* by this Court was an unjust enrichment claim under Pennsylvania law; the court denied certification of Plaintiff's and the opt-in Plaintiffs'' FLSA claims as a *collective action* under 29 U.S.C. § 216(b). *See* Doc. 192. Moreover, Defendants' motion requests dismissal of the opt-in Plaintiffs' FLSA claims, not any potential unjust enrichment claims they may have. Doc. 222, at 4 ("Should the Court dismiss the opt-in Plaintiffs' FLSA claims without prejudice … .") Consequently, there is a meaningful and significant difference between recognizing some of the opt-in Plaintiffs' may be class representatives under Rule 23 and requesting dismissal of all opt-in Plaintiffs' FLSA claims.

**E.    The Only Potential Miscarriage of Justice is Allowing the Opt-in Plaintiffs to Collectively Proceed After the Court Determined Their FLSA Claims are Dissimilar**

Plaintiff pleads with this Court to spare the opt-in Plaintiffs' dismissal of their FLSA claims by arguing the merits of their claims.[2] In so doing, Plaintiff presents a single pay stub lacking any context. More importantly, Defendants' arguments do not rest on the merits of the opt-in Plaintiffs' claims. Instead, Defendants arguments focus on the procedural impact of the Court's order denial collective action certification, which is inarguably that the opt-in Plaintiffs' FLSA claims must be dismissed without prejudice.

### III.    CONCLUSION

Plaintiff's reply misses the mark. The law in this Circuit is clear. Because the opt-in Plaintiffs are not similarly situated with Plaintiff regarding her FLSA claims, such claims cannot be justly tried together, thus depriving this Court of jurisdiction of the opt-in Plaintiffs' FLSA claims in this action. For this reason, as well as those set forth in Defendants' memoranda of law regarding the underlying motion, the opt-in Plaintiffs' FLSA claims must be dismissed.

---

[2] Plaintiff also implores the Court to deny the motion to dismiss, in part, because "the statute of limitations long ago expired." However, Plaintiff ignores the opt-in Plaintiffs' statute of limitations stopped running when they joined this action. *See* 29 U.S.C. § 256(b).

Respectfully submitted,

*s/ Patrick F. Hulla*

Patrick F. Hulla
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
4520 Main Street, Ste. 400
Kansas City, Missouri 64111
(816) 410-2226 (phone)
(816) 471-1703 (fax)
patrick.hulla@ogletree.com

and

Evan B. Citron
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
599 Lexington Avenue, 17th Floor
New York, New York 10022
(212) 492-2500 (phone)
(212) 492-2501 (fax)
evan.citron@ogletree.com

*Attorneys for Defendants*
*Highgate Hotels, L.P. and Cove Haven, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of November 2021, a true and correct copy of the foregoing Reply Memorandum of Law in Further Support of Defendants' Motion to Dismiss was filed electronically and is available for viewing and downloading from the Court's ECF system. Counsel of record have consented to service through the Court's ECF system and will receive service through the Court's ECF system.

*s/ Patrick F. Hulla*
Patrick F. Hulla
Attorney for Defendants
