## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHELSEA HENKEL, on behalf of     :    Civil No. 3:15-CV-01435
herself and others similarly situated   :
                                :
        Plaintiffs,            :
                                :
        v.                  :
                                :
HIGHGATE HOTELS, LP, and        :
COVE HAVEN, INC.,             :
                                :
        Defendants.       :    Judge Jennifer P. Wilson

## ORDER

Before the court are two motions in limine filed by Defendants and one motion in limine filed by Plaintiffs. (Docs. 256, 258, 260.) For the reasons that follow, Defendants' motions in limine are granted in part and denied in part, and Plaintiffs' motion in limine is denied.

### BACKGROUND

In advance of trial, the parties filed their motions in limine and briefs in support on May 8, 2023. (Docs. 256, 257, 258, 259, 260, 261.) Briefs in opposition were filed on May 22, 2023, and reply briefs were filed on June 5, 2023. Thus, the motions in limine are ripe for review.

### STANDARD OF REVIEW

Prior to trial, courts may rule on motions in limine involving the admissibility of evidence. Such motions "narrow the evidentiary issues for trial

and . . . eliminate unnecessary trial interruptions." *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990).

Generally, relevant evidence is admissible at trial.  Fed. R. Evid. 402. Evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.  The court, however, may preclude relevant evidence from trial where its "probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  "The Federal Rules of Evidence embody a strong and undeniable preference for admitting any evidence having some potential for assisting the trier of fact."  *Holbrook v. Lykes Bros. Steamship Co., Inc.*, 80 F.3d 777, 780 (3d Cir. 1996) (cleaned up).

Federal Rule of Civil Procedure 26 requires each party to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment purposes."  Fed. R. Civ. P. 26(a)(1)(A)(i).  The Rule further requires that a party:

> must supplement or correct its disclosure response . . . in a timely
> manner if the party learns that in some material respect the disclosure

2

or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

Fed. R. Civ. P. 26(e)(1)(A).  Rule 37(c)(1) provides the remedy when a party fails to disclose or supplement under Rule 26.  Specifically, "the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or harmless."  Fed. R. Civ. P. 37(c)(1).

DISCUSSION

**A. Defendants' specific motion in limine**

Defendants raise eight issues in their specific motion in limine.  (Doc. 256.) The court will address each in turn.

**1.  Use of the terms "tip," "gratuity," and "service charge"**

In their motion, Defendants state that the terms "tip," "gratuity," and "service charge" have been used interchangeably by Plaintiffs during this litigation.  (Doc. 257, p. 7.)[1]  Defendants argue that whether a charge is a tip or a gratuity is a legal conclusion for the court to instruct the jury on based on the appropriate principles of law.  (*Id.* at 7–8.)  They conclude that if Plaintiffs use these terms interchangeably, the prejudicial effect to Defendants will outweigh any probative value to Plaintiffs and likely confuse the jury.  (*Id.* 8–9.)  Ultimately, Defendants request that Plaintiffs be precluded from using the terms "tip,"

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

"gratuity," and "service charge" interchangeably at trial and witnesses be precluded from testifying about what these terms mean to them.  (*Id.* at 9.)

In the court's opinion on Defendants' motion for partial summary judgment, the court detailed a summary of conflicting evidence regarding the gratuity charge in this case.  (Doc. 178, pp. 7–11.)  Later in the opinion, the court denied summary judgment on the unjust enrichment claim because of the conflicting evidence regarding the gratuity.  (*Id.* at 22–26.)  The court stated:

> It is clear from the record that Defendants received a benefit through the payment of the gratuity by their guests, and it is also clear that Defendants have "appreciated" that benefit in the form of an additional revenue stream for the Resorts.  It is the third element of the unjust enrichment test that involves disputed material facts – whether Defendants accepted and retained the gratuities only because their guests, in paying the gratuity, believed the gratuity would be passed on to traditionally-tipped employees like Plaintiffs.  If a jury so concludes, then a jury could also reasonably conclude that Defendants accepted and retained the benefit of the gratuity payment under such circumstances that it would be inequitable or unjust for Defendants to retain the benefits without payment of value to Plaintiffs.  Thus, for these reasons, the court will deny summary judgment as to Count 7.

(*Id.* at 26.)  The issue of the characterization of "the gratuity" is the central issue in this case.  The court will not put constraints on the parties at trial regarding the terms each party uses to describe "the gratuity."  Nor will the court resolve motions in limine raising supposed evidentiary issues that are actually facts and arguments that should be presented to the jury.  Accordingly, the court denies the requested relief in full.

### 2. Late-disclosed evidence and witnesses

Defendants submit that Plaintiffs failed to identify fifteen witnesses in their Rule 26 initial disclosures or in any supplement to those disclosures. (Doc. 257, pp. 12–13.) Defendants only learned of these potential trial witnesses on May 4, 2023. (*Id.* at 12.) Of those witnesses, nine were deposed, but six were not. (*Id.* at 13.) Defendants argue that those six witnesses should be precluded from testifying at trial under Federal Rules of Civil Procedure 26 and 37. (*Id.* at 13–17.)

In opposition, Plaintiffs do not address the Rule 26 deficiencies. (Doc. 273, pp. 9–13.) Rather, they argue that the witnesses should not be precluded and explain the circumstances by which each witness was disclosed to Defendants. (*Id.* at 11–13.)

The court notes that discovery in this case closed on May 31, 2019. (Doc. 125.) The court will address each witness using the appropriate standard set forth in Federal Rules of Civil Procedure 26 and 37.

### i. Milan Culic

Plaintiffs submit that they disclosed Mr. Culic's involvement throughout this litigation including in two declarations filed in 2019. (Doc. 273, p. 11.) The declarations of Mr. Culic were docketed on August 28, 2019, in support of motions to certify class and collective actions. (Docs. 159, 162.) However, this is nearly three months after discovery closed in this matter. Mr. Culic was not made known

during the discovery process and Plaintiffs provide no substantial justification for their failure to disclose Mr. Culic earlier.  Additionally, the court cannot find that a failure to disclose Mr. Culic is harmless to Defendants.  Thus, under Rules 26(e)(1)(a) and 37(c)(1), Mr. Culic is precluded from testifying at trial.

### ii.  Lynn Bruno and Jennifer Delarosa

Plaintiffs assert that Ms. Bruno is an employee of Defendants, whom they should be aware of, and was mentioned by Plaintiffs' counsel during the deposition of Maura Roman.  (Doc. 273, pp. 11–12.)  The mere mentioning of an individual's name during another witness's deposition is not sufficient to provide disclosure to Defendants during the discovery process.

As to Ms. Delarosa, Plaintiffs submit that she was "a subject of an email from Plaintiff's counsel to Defendants' counsel, in which Ms. Delarosa was identified as 'Highgate Staff.'"  (*Id.* at 12.)  The court reviewed this email and Ms. Delarosa was one name listed on a list of eighty-nine names.  This listing does not come close to meeting the disclosure requirements in Rule 26.

Again, Plaintiffs provided no substantial justification for this failure to supplement, nor would allowing Ms. Bruno or Ms. Delarosa's testimony at trial be harmless to Defendants.  Thus, the testimony of these witnesses is precluded from trial under Rules 26(e)(1)(a) and 37(c)(1).

### iii. Packard custodian of records and Groupon

Next, Plaintiffs submit that Packard owned and operated the Resorts after

Defendants.  (Doc. 273, p. 12.)  In an email dated May 24, 2019, which was prior

to the close of fact discovery, defense counsel acknowledged receipt of the

materials produced by Packard in response to a subpoena.  (Doc. 247-8.)

Similarly, Groupon was subpoenaed and a witness from Groupon was discussed in

a May 10, 2019 email, which was prior to the close of fact discovery.

Both Packard and Groupon documentary evidence and witness testimony

shall be permitted at trial.  This information was "otherwise . . . made known"

during the discovery process as required by Rule 26(e)(1)(A).  Thus, it will not be

precluded at trial.

### 3.  Pennsylvania Department of Revenue witness

Defendants argue that Plaintiffs' proposed Pennsylvania Department of

Revenue witness should be precluded from trial because any testimony or evidence

is only relevant to determine the appropriate legal standards in this case, and not

factual evidence.  (Doc. 257, pp. 9–10.)  They further submit that any relevance of

this evidence is outweighed by the "undue emphasis on the legal standards in those

materials" and the "significant risk of confusion" to the jury.  (*Id.*at 11–12.)

Lastly, they submit that in addition to these reasons to preclude this evidence, this

is one of the six witnesses Plaintiffs failed to disclose in accordance with the Rules of Civil Procedure.  (*Id.* at 12–17.)

Plaintiffs submit that the Department of Revenue witness is "expected to testify to the facts related to the tax treatment of difference charges; specifically, that a that [sic] gratuity is not taxable for sales tax purposes, while a service fee is taxable for sales tax purposes."  (Doc. 273, pp. 8–9.)  Plaintiffs argue that because this witness will testify regarding facts about different types of charges, it is relevant and probative for the jury.  (*Id.* at 9.)  As to the Rule 26 argument, Plaintiffs do not identify a time in which they disclosed this witness.  (*Id.* at 12–13.)  Rather, they state that the way Defendants treated the gratuity has been a "consummate issue in this case."  (*Id.* at 12.)  Plaintiffs submit that Peggy Marshal, Defendants' Director of Finance, testified about the Pennsylvania Department of Revenue's Hotel Tax Matrix in 2018.  (*Id.* at 13.)

The court finds that a witness from the Pennsylvania Department of Revenue is relevant and probative to the factual issues in this case under Federal Rules of Evidence 401, 402, and 403.  For this reason, the testimony should be admitted. However, the Rule 26 analysis weighs against Plaintiffs.  Plaintiffs provided no justification for their failure to supplement their Rule 26 disclosure at anytime throughout the discovery process or in writing.  Thus, the court must preclude the testimony of the Pennsylvania Department of Revenue witness.

### 4. Testimony or evidence about whether the gratuity fee was "deceptive" or "misleading"

Defendants seek to preclude Plaintiffs from using "any terminology that Defendants 'deceived,' 'mislead,' or 'tricked' guests or hourly employees" because the probative value to Plaintiffs would be substantially outweighed by the danger of unfair prejudice to Defendants.  (Doc. 257, p. 17.)  They also request preclusion of any words like "conspiracy," "fraud," "organized crime," "racketeering," or similar terms related to the claims that were litigated in *Simchon v. Highgate Hotels, LP*, which has been settled.  (*Id.* at 18.)

Plaintiffs argue that the requested relief should be denied because Defendants "represented *one thing* to its guests – that the gratuity was an actual gratuity for their servers and housekeepers that they didn't have to collect sales tax on – *then did quite another*, by retaining the gratuity for their own benefit."  (Doc. 273, p. 13.)  Plaintiffs point to testimony from Defendants' employees in support of this "deception."  (*Id.* at 13–14.)

The court grants the requested relief in part.  The parties are precluded from mentioning or presenting evidence of any claims not at issue in this case. However, the court denies the request in all other respects.  The central issues in this case are what purpose this "gratuity" fee was collected for, and whether Defendants were unjustly enriched by collecting and retaining it.  The court finds that use of the terms "deceptive" and "misleading" is relevant and, after balancing

9

the considerations in Rule 403, its probative value is greater than any prejudice to Defendants.

### 5.  Hearsay evidence

Defendants set forth two arguments regarding hearsay evidence.  First, witnesses should be precluded from testifying to "what they hear another employee tell guests about gratuities."  (Doc. 257, p. 19.)  Second, Plaintiff Chelsea Henkel should be precluded from testifying that "'everyone' on the staff knew about the gratuity fee and complained about it."  (*Id.*)  The court denies these requests without prejudice to re-raise during trial if the testimony at issue is offered.

### 6.  Undisclosed alleged damages

Defendants argue that Plaintiffs have not disclosed their damages computations as required under Federal Rule of Civil Procedure 26(a)(iii).  (Doc. 257, pp. 20–21.)  Thus, Defendants request that Plaintiffs be precluded from presenting any damages evidence at trial to avoid an unfair and prejudicial "trial by ambush."  (*Id.* at 21.)

Plaintiffs argue that they have always claimed that the damages amount is the entirety of the gratuity collected.  (Doc. 273, p. 16.)  However, Plaintiffs did not have the specific computation information, whereas it has been in Defendants possession throughout this litigation.  (*Id.*)  Plaintiffs assert that they have worked diligently to "uncover" the damages information from Defendants.  (*Id.* at 17.)

Plaintiffs made specific discovery requests, but rather than provide an exact amount, Defendants provided financial statements without further explanation. (*Id.*)  Plaintiffs were finally able to determine how the gratuity was accounted for during the deposition of Peggy Marshall.  (*Id.*)  Additionally, Plaintiffs submit that counsel for the parties "recently discussed the possibility of stipulating to the total damages in the unjust enrichment claim."  (*Id.*)

The court finds that Plaintiffs have provided sufficient disclosure of their damages amount through the discovery process under Rule 26(e)(1)(A).  By requesting damages information from Defendants, Plaintiffs made it apparent how they believed damages should be computed.  The fact that they requested this information, and that Defendants had the information readily available throughout litigation, substantially justifies Plaintiffs' failure to supplement their initial disclosures.  Thus, Defendants' motion is denied in this regard.

### 7.  "Contact Center Agent Training Guide"

Defendants assert that the "Contact Center Agent Training Guide" should be excluded because it has not been properly authenticated.  (Doc. 257, pp. 21–23.) The court will deny this request without prejudice to re-raising this issue at trial.[2]

---

[2] If Plaintiffs intend to introduce this document as an exhibit at trial, counsel shall advise the court during the pretrial conference so that arrangements can be made to address the admissibility of this exhibit outside of the hearing of the jury.

## B. Defendants' general motion in limine

Defendants raise seven issues in their general motion in limine.  (Doc. 258.)

Plaintiffs do not oppose four of the issues raised by Defendants "at this time."[3]

(Doc. 275, pp. 4–6.) Therefore, the court will grant Defendants' general motion in

limine to exclude any references to counsel's home office locations; any references

to a party's failure to call an equally available witness or comments about probable

testimony by an absent witness; any references to or evidence of in limine orders

or motions; and any references to or evidence of past or other pending litigation

involving Defendants or similar hotels.  The court will address the remaining three

issues in turn.

### 1.  Statements about "David and Goliath" and/or the parties' relative financial conditions

Defendants argue that the parties should be precluded from commenting

about or referencing Defendants' size, scope, or financial condition.  (Doc. 259, p.

2.)  Plaintiffs also should be precluded from referencing their financial position or

comparing it with Defendants' financial standing or size.  (*Id.* at 2.)  Defendants'

further request that direct and indirect references to the following should be

precluded:

> (1) Defendants' ability to pay a judgment, (2) the parties' ability to
> afford counsel, (3) the number of attorneys and paralegals appearing

---

[3] The court notes that there is no other time to oppose a motion in limine.  Therefore, these issues are resolved for the duration of trial.

> on behalf of the parties, (4) the costs of prosecuting or defending the
> action, (5) the number of attorneys or the size and scope of counsel's
> firms, (6) the clothes or jewelry worn by counsel, staff, and
> witnesses, (7) the nature or number of trial exhibits, demonstrative
> exhibits and other evidence, (8) witness fees, or (9) any other matter
> promoting an inference that this is a "David and Goliath" situation.

(*Id.* at 3.)  In support of excluding this information, Defendants assert that their

financial condition is irrelevant and more prejudicial than probative under Federal

Rules of Evidence 401, 402, and 403.  (*Id.* at 2.)

Plaintiffs argue that this is, in fact, a "David and Goliath" situation and that

Defendants' motion "seeks to ignore reality to their advantage to create an illusion

of symmetry where certainly none exists between the parties."  (Doc. 275, p. 3.)

They further argue that Defendants have used their "financial might" as a shield to

liability throughout the litigation and have "essentially feign[ed] ignorance to the

gratuity." (*Id.* at 4.)  Thus, Plaintiffs should be able to assert the financial positions

of the parties during trial.  (*Id.*)

The court agrees with Defendants that their financial condition is not

relevant evidence and would be more prejudicial than probative under Rules 401,

402, and 403.  Thus, the court grants Defendants' requested relief in part.  The

parties shall be precluded from commenting or referencing Defendants' size,

scope, or financial condition.  However, the court denies the motion as to the nine

points detailed by Defendants in their motion with leave to object during trial if the

comments anticipated by Defendants are made at trial.

### 2.  References to or evidence of discovery objections

Next, based on Rules 401 and 403, Defendants argue that the parties should

not be permitted to argue about or mention that "an opposing party objected to

written discovery because both parties could have previously compelled

responses." (Doc. 259, p. 5.)  More specifically, the parties should be prohibited

from arguing or suggesting that certain facts could have been proven but for

discovery objections.  (*Id.*)  Defendants also request that the parties redact

objections to any written discovery responses used as exhibits.  (*Id.* at 6.)

Plaintiffs only object to the portion of Defendants' argument regarding

redacting objections to any written discovery responses.  (Doc. 275, p. 4–5.)

Plaintiffs assert that "[o]bjectionable documents or testimony should not be used as

exhibits unless and until any relevant objections are ruled on by the Court." (*Id.*)

The court grants the requested relief.  Specifically, the parties are precluded

from arguing or suggesting that certain facts could have been proven but for

discovery objections.  The time to litigate objections to discovery requests was

during discovery.  The court will not rule on discovery objections during trial.

### 3.  Evidence dated before October 2012 and after January 2016

Defendants assert that they managed the resorts at issue from October 2012

through January 2016.  (Doc. 259, p. 6.)  Therefore, they argue that any evidence

related to events before or after this time period is irrelevant and any probative

value of that evidence would be outweighed by the danger of confusing the jury. (*Id.*)

Plaintiffs argue that Defendants have provided evidence of events that occurred prior to October 2012 as a shield to liability. (Doc. 275, p. 5.) Plaintiffs submit that they should be permitted to introduce evidence from prior to October 2012 "to show how the policies and practices related to the gratuity originated and evolved to the point of Defendants' utilization of the gratuity." (*Id.* at 5–6.) Plaintiffs assert that Defendants discussed this evidence even in their pretrial memorandum and their employees have testified extensively on this topic. (*Id.*)

In their reply, Defendants suggest that as to pre-October 2012 evidence, the court should provide a limiting instruction so that the jury understands that this evidence is for background purposes only. (Doc. 286, p. 3.)

The court grants Defendants' requested relief in part. Any evidence that relates to after January 2016 shall be excluded from trial pursuant to Federal Rule of Evidence 403. However, any evidence from prior to October 2012 may be admitted for background purposes as long as there is a sufficient foundation laid for the admission of such evidence. Defendants are permitted to submit a proposed limiting instruction for the court to provide to the jury by Friday, June 23, 2023, at 12:00 p.m.

### C. Plaintiffs' motion in limine

Plaintiffs raise nine issues in their motion in limine, each of which will be addressed in turn.

### 1.  Gratuity referred to as a "service charge" or "service fee"

Like Defendants, Plaintiffs argue that Defendants should be precluded from using the terms "service charge" or "service fee" when referring to the gratuity charged.  (Doc. 261, pp. 7–12.)  They assert that Defendants cannot satisfy Federal Rule of Evidence 104 because there are no facts "supporting the contention that the phrases 'service charge' or 'service fee' were used in place of the term 'gratuity.'" (*Id.* at 11.)  Plaintiffs also submit that the probative value of the use of these phrases is substantially outweighed by the danger of unfair prejudice.  (*Id.*)

The court incorporates its analysis from Section (A)(1) *supra* and denies the relief requested for the same reasons.

### 2.  "Room Revenue Deal Request" contracts between Groupon, Inc. and Defendants

Plaintiffs argue that the "Room Revenue Deal Request" contracts between Groupon, Inc. and Defendants should be precluded as they are irrelevant and the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury.  (Doc. 261, p. 12–13.)  Plaintiffs assert that these contracts were not shown to guests, reservation agents, or front desk staff.  (*Id.*)  Additionally, these contracts indicate that a "service fee" was

16

charged, rather than gratuity, which could confuse the issues for the jury and is contradictory to the public facing documents that stated "gratuity." (*Id.* at 13.)

The court will not preclude the contracts simply because they contradict other Groupon, Inc. documents. These contracts are relevant and, balancing the Rule 403 considerations, the court finds that there is probative value to these documents that outweigh any prejudice or confusion of the issues. Thus, this request is denied.

### 3. Evidence of the gratuity being used to pay the compensation of servers and housekeepers and that the gratuity was "mandatory"

Plaintiffs argue that Defendants should be precluded from presenting any evidence that the gratuity was "used to pay or fund the compensation of servers and housekeepers." (Doc. 261, p. 14.) They assert that the probative value of this evidence is substantially outweighed by the unfair prejudice to Plaintiffs, confusing issues, and misleading the jury because "there is no evidence whatsoever that the compensation of servers and housekeeper changed proportionally (or in any way) with the gratuity collected." (*Id.* at 14–15.) Similarly, they argue that Defendants should not be permitted to present evidence that the gratuity was mandatory. (*Id.* at 15.) Plaintiffs argue that Defendants conceded that the gratuity could be waived, was voluntary, and could be removed from a guest's bill. (*Id.*) Plaintiffs submit

that the Rule 403 factors weigh in favor of precluding any testimony that the gratuity was mandatory.  (*Id.*)

The court denies both requests.  Under Rules 401 and 402, this evidence is relevant because it goes to the central factual question before the jury – namely, the purpose of the gratuity payment.  Any prejudice, confusion, or misleading of the jury is substantially outweighed by the probative value to Defendants. Additionally, the court notes that if witnesses testify that the gratuity was used to fund the compensation of servers and housekeepers or that the gratuity was mandatory, Plaintiffs can impeach or rebut that testimony.

### 4.  Evidence regarding gratuity being automatically charged to customers' bills/invoices and sales tax

Plaintiffs submit that Defendants have argued throughout the litigation that "because the gratuity was automatically added to customers' bills/invoices, that the charge should not be interpreted as a gratuity, but instead as a service charge or service fee."  (Doc. 261, p. 16.)  Plaintiffs request that Defendants be precluded from making this argument at trial because, under the Pennsylvania Code, "the simple fact that the gratuity was automatically added to customer's bills does not render it no longer a gratuity, and does not in anyway require it to be considered a service charge or service fee."  (*Id.*)  Alternatively, Plaintiffs would like the court to take judicial notice "that a gratuity may be a voluntary payment or mandatory charge under Pennsylvania law."  (*Id.* at 17.)

18

Similarly, Plaintiffs anticipate that Defendants will argue that the gratuity was actually a service charge or service fee.  (*Id.*)  Plaintiffs argue that if the gratuity was actually a service charge or service fee, Defendants would have been required to pay six percent sales and use tax on those monies in accordance with Pennsylvania law.  (*Id.* at 18.)  Thus, Plaintiffs request that the court "take judicial notice that had the Gratuity been a 'service charge' or 'service fee', Defendants would have been required to collect a 6% sales and use tax on the fee at issue in this action."  (*Id.*)

The court denies Plaintiffs' request.  First, the court will not take judicial notice of the law.  As pointed out by Defendants, *see* Doc. 276, pp. 16–17, Federal Rule of Evidence 201 permits courts to take judicial notice of "a fact that is not subject to reasonable dispute."  Fed. R. Evid. 201(b).  Second, the parties are free to present evidence and argument to the jury about the automatic addition of gratuity and the impact of Pennsylvania sales and use tax.

### 5. Intent for charging gratuity and Plaintiffs' expectation of receipt of gratuity

Plaintiffs next argue that Defendants should be precluded from introducing testimony regarding their intent for charging the gratuity and whether Plaintiffs had any expectation of receipt of the gratuity.  (Doc. 261, pp. 18–20.)  They submit that Defendants' intent and Plaintiffs' expectation has no bearing on any element of the unjust enrichment claim.  (*Id.*)

While the court acknowledges that intent and expectation are not specific elements of Plaintiffs' unjust enrichment claim, they are relevant with respect to the third element—"the recipient has accepted and retained the benefits under such circumstances that it would be inequitable or unjust for the recipient to retain the benefits without payment of value." *Thompson v. U.S. Airways, Inc.*, 717 F. Supp. 2d 468, 480 (E.D. Pa. 2010) (citing *Allegheny Gen. Hosp. v. Philip Morris, Inc.*, 228 F.3d 429, 447 (3d Cir.2000) (applying Pennsylvania law)).  Therefore, finding that intent and expectation testimony is relevant evidence, and balancing the considerations of Rule 403, the court will not preclude this evidence.

### 6.  Plaintiffs' request for admissions

Plaintiffs served requests for admission to Defendants' counsel on July 13, 2017.  (Doc. 261, p. 20.)  Plaintiffs submit that Defendants did not timely respond or ask the court or Plaintiffs' counsel for an extension of time to respond.  (*Id.*)  Then, on February 12, 2018, Defendants served their responses to the requests for admissions.  (*Id.* at 20–21.)  Plaintiffs argue that pursuant to Federal Rule of Civil Procedure 36(a)(3), Defendants failure to timely respond or seek an extension should result in those facts being deemed admitted at trial.  (*Id.*)

Defendants provide additional context.  They submit that Plaintiffs' counsel granted a final extension to Defendants to respond to all outstanding discovery by February 12, 2018.  (Doc. 276, p. 21; Doc. 276-1, p. 7.)  Ultimately, the parties

requested a consent motion for extension of time to complete discovery, which was granted on February 1, 2018. (Doc. 276, p. 21; Doc. 88.) In their reply brief, Plaintiffs argue that requests for admission are not discovery and, thus, the extension of time to complete discovery did not apply to the requests for admission. (Doc. 284, pp. 9–10.)

The court denies Plaintiffs' request. First, the court notes that Plaintiffs' counsel's email agreeing to the extension of discovery deadlines does not distinguish the requests for admissions from the other outstanding discovery requests. (*See* Doc. 276-1, p. 7.) Rather, the email indicates that counsel agreed, in good faith, to extend the deadline for Defendants to submit their discovery responses. The court will not permit Plaintiffs to have a "gotcha" moment based on this record. The court agrees with Defendants and, thus, denies this request.

## CONCLUSION

Accordingly, for the reasons stated herein, **IT IS ORDERED AS FOLLOWS**:

1) Defendants' specific motion in limine, Doc. 256, is **GRANTED IN PART** as follows:

   a. Milan Culic, Lynn Bruno, Jennifer Delarosa, and the Pennsylvania Department of Revenue witness are precluded from testifying at trial.

   b. The parties are precluded from mentioning or presenting evidence of any claims not at issue in this case, such as those in *Simchon v. Highgate Hotels, LP*.

2)  Defendants' specific motion in limine, Doc. 256, is **DENIED IN ALL OTHER RESPECTS**.

3)  Defendants' general motion in limine, Doc. 258, is **GRANTED IN PART** as follows:

   a.  Any references to counsel's home office locations, any references to a party's failure to call and equally available witness or comments about probable testimony by an absent witness, any references to or evidence of in limine orders or motions, and any references to or evidence of past or other pending litigation involving Defendants or similar hotels are precluded from trial.

   b.  The parties are precluded from commenting or referencing Defendants' size, scope, or financial condition.

   c.  The parties are precluded from arguing or suggesting that certain facts could have been proven but for discovery objections or litigating discovery objections during trial.

   d.  Any evidence that relates to events after January 2016 shall be excluded from trial.  Defendants are permitted to submit a proposed limiting instruction for the court to provide to the jury regarding pre-October 2012 evidence admitted for background purposes by **Friday, June 23, 2023, at 12:00 p.m.**

4)  Defendants' general motion in limine, Doc. 258, is **DENIED IN ALL OTHER RESPECTS**.

5)  Plaintiffs' motion in limine, Doc. 260, is **DENIED**.


                              s/Jennifer P. Wilson
                              JENNIFER P. WILSON
                              United States District Judge
                              Middle District of Pennsylvania

Dated: June 19, 2023